IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| HARCHARANJIT SINGH | ) | |
| BHUTTA, *et al*., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|        v. | ) | Civil Action No. 3:22CV288 (RCY) |
| | ) | |
| DRM CONSTRUCTION CORP., *et al*., | ) | |
|     Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on its own initiative.  Following the Court's ruling on Plaintiffs' Motion for Entry of Default Judgment (ECF No. 18), the Court permitted Plaintiffs thirty days to file a renewed motion to provide further factual support for their allegations in Counts III and IV before the Court made a determination regarding damages.  (Order, ECF No. 20.)  The thirty-day deadline elapsed, and Plaintiffs have yet to renew their motion.  Thus, the Court's prior denial of default judgment as to Counts III and IV will be converted to a denial with prejudice, and the Court will make a final determination of damages as to Counts I and II.  For the reasons set forth below, the Court awards Plaintiffs $90,000 in compensatory damages and $90,000 in punitive damages.

**I. BACKGROUND**

The facts underpinning this dispute have been discussed in full in the Court's prior opinion on default judgment (Mem. Op., ECF No. 19), thus only the facts relevant to the damages calculation will be reproduced here.  On March 10, 2021, Plaintiffs entered into a contract ("DRM Contract," ECF No. 1-1) with Defendants to construct their residence for $1,700,000.  (*Id.* 5.)  Prior to any construction beginning, Plaintiffs deposited $40,000 with Defendants as an advance

payment.  (Compl. ¶ 6, ECF No. 1; DRM Contract 5 ("Builder will commence construction work within two days after received [sic] the payment.").)    However, Defendants did not commence work and failed to communicate with Plaintiffs regarding the reason for any delay, as a result of which, Plaintiffs entered into a different contract with J.R. Walker & Co. ("Walker Contract," ECF No. 1-2) for the construction of their residence, this time for $1,750,000.  (*Id.*; Compl. ¶ 10.)  As stated in the Court's previous opinion, Plaintiffs have successfully alleged a claim against Defendants for breach of contract in Count I and a claim for conversion in Count II.  Under the breach of contract claim in Count I, Plaintiff seeks $90,000 in compensatory damages.  Under the conversion claim in Count II, Plaintiff seeks $90,000 in compensatory damages and $350,000 in punitive damages.

## II. STANDARD OF REVIEW

Once a court has determined liability in a default judgment setting, the court must "make an independent determination regarding damages."  *Wilcox v. Transmodal Sols., LLC*, 473 F. Supp. 3d 574, 584 (E.D. Va. 2020) (quoting *PharMerica East, LLC v. Healthlink of Va. Shores, LLC*, No. 2:19CV456, 2020 WL 877983, at *3 (E.D. Va. Feb. 20, 2020)).  In making that independent determination, the Court may hold an evidentiary hearing, *see* Fed. R. Civ. P. 55(b)(2), or make a finding based on the evidence provided in the record.  *Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, 956 F. Supp. 2d 695, 705 (E.D. Va. 2013); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006); *see also Anderson v. Foundation for Advancement, Educ. and Emp. of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("We do, of course, recognize that in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.").  In awarding

damages pursuant to a default judgment, the damages awarded may not exceed the amount sought in the Complaint.  Fed. R. Civ. P. 54(c).

### III. DISCUSSION

As an initial matter, the Court determines that an evidentiary hearing is not necessary in this case, given the evidence that Plaintiffs have provided to the Court.  *See Evans*, 956 F. Supp. 2d at 705.

#### A. Compensatory Damages

"Compensatory damages are those allowed as a recompense for loss or injury."  *Sch. Bd. of City of Newport News v. Commonwealth*, 689 S.E.2d 731, 737 (Va. 2010) (quoting *Va. Highlands Airport Auth. v. Singleton Auto Parts, Inc.*, 670 S.E.2d 734, 740 (Va. 2009).  Plaintiffs have produced evidence that they suffered a loss of $40,000 as a direct and proximate result of Defendants' conversion of their construction advance deposit.  (Joint Decl. P's Damages ¶ 1, ECF No. 18-2.)    Additionally, Plaintiffs have produced evidence that they suffered an additional $50,000 in damages due to Defendants' breach of the DRM Contract and Plaintiffs having to enter into the more expensive Walker Contract to construct their residence.  (*Compare* DRM Contract 5, *with* Walker Contract 1.)  Thus, Plaintiffs are entitled to judgment for compensatory damages in the amount of $90,000.

#### B. Punitive Damages

"[P]unitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others."  *Horn v. Webb*, 882 S.E.2d 894, 900 (Va. 2023) (quoting *A.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 479 (Va. 2019)).  They are designed "to punish the wrongdoer and warn others."  *Flippo v. CSC Assocs. III, L.L.C.*, 547 S.E.2d 216, 222 (Va. 2001).

3

While Virginia law does not allow punitive damages for breach of contract claims, punitive damages are available where an independent tort was committed outside of the breach of contract. *See O'Connell v. Bean*, 556 S.E.2d 741, 743 (Va. 2002). Additionally, Virginia law limits the amount of punitive damages that a plaintiff can recover to $350,000. Va. Code Ann. § 8.01-38.1. There is no exact standard for calculating punitive damages in Virginia. *Price v. IMAK Grp.*, No. 2:08CV517, 2009 WL 10689462, at *3 (E.D. Va. Apr. 10, 2009). However, the factors that courts consider when reviewing whether a remittitur of a punitive damages award is appropriate can be illustrative in determining the amount of punitive damages to award in this instance. "Review of the amount of punitive damages includes consideration of reasonableness between the damages sustained and the amount of the award and the measurement of punishment required, whether the award will amount to a double recovery, the proportionality between the compensatory and punitive damages, and the ability of the defendant to pay." *Condo. Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 709 S.E.2d 163, 174 (Va. 2011) (listing the factors the court evaluates when reviewing the remittitur of punitive damages awards).

In this case, Plaintiffs have pleaded and successfully alleged a claim of conversion, an intentional tort independent of their breach of contract claim, giving the Defendants adequate notice that they will have to defend against a claim that supports a punitive damages award. *See Kamlar Corp. v. Haley*, 299 S.E.2d 514, 518 (Va. 1983) ("[A] plaintiff seeking punitive damages should allege a wilful [sic], independent tort in a count separate from that which alleges a breach of contract. This serves to notify the defendant of the precise allegations he must meet at trial to resist that part of the claim which supports punitive damages."). Therefore, Plaintiffs are eligible to receive a punitive damages award, and the Court finds that punitive damages are appropriate in this case based on the need to punish the Defendant and to deter other similarly situated parties

from engaging in this type of conduct. *See IMAK Grp.*, 2009 WL 10689462, at *3. Accordingly, the Court finds that a punitive damages award of $90,000 is sufficient and bears a "reasonable relationship to the actual damages sustained." *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268, 287 (Va. 1988). !

### IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Entry of Default Judgment (ECF No. 18) will be granted as to Counts I and II. Final Judgment will be entered in favor of Harcharanjit Singh Bhutta and Gurpreet Bhutta, against DRM Construction Corporation and Gurpreet Singh in the amount of $180,000. An appropriate Order shall follow.

_____/s/_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 8, 2023